# Exhibit
# A

C0187763---00005

CITATION

# THE STATE OF TEXAS

## No. A-0187763

## MCPHERSON HUGHES BRADLEY WIMBERLEY STEELE CHATELAI
## VS. TEXAS WINDSTORM INSURANCE ASSOCIATION

### CITATION

### 172nd JUDICIAL DISTRICT COURT
### of JEFFERSON COUNTY, TEXAS

To:   **INTERNATIONAL CATASTROPHE INSURANCE MANAGERS LLC**
      **BY SERVING INTERNATIONAL CASTROPHE INSURANCE MANGERS LLC**

by serving at:
**3665 DISCOVERY DR FL 3**

**BOULDER, CO    80303-7820**                                          **DEFENDANT:**

NOTICE:

        You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  Said answer may be filed by mailing same to:  District Clerk's Office, 1001 Pearl St., 2nd floor, Beaumont, TX 77701, or by bringing it to the office.  The case is presently pending before the 172nd District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 24th day of March, 2011.  It bears cause number A-0187763 and is styled:

Plaintiff:

        **MCPHERSON HUGHES BRADLEY WIMBERLEY STEELE CHATELAI**
VS.

        **TEXAS WINDSTORM INSURANCE ASSOCIATION**

Defendant:

        The name and address of the attorney for plaintiff (or plaintiff if pro se) is:

                **WIMBERLEY, JAMES EDWARD, Atty.**
                **3120 CENTRAL MALL DRIVE**
                **PORT ARTHUR, TX    77642 0**

        The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's PETITION (1ST AMENDED) ALSO ATTACHED ORDER DESIGNATING ALL CASES EFILE AND STANDING PRETRIAL ORDER CONCERNING HURRICANE IKE RESIDENTIAL PROPERTY CLAIMS accompanying this citation and made a part thereof.

        Issued under my hand and the seal of said court, at Beaumont, Texas, this the 25th day of March, 2011.

                                LOLITA RAMOS, DISTRICT CLERK
                                JEFFERSON COUNTY, TEXAS


                        *Emma Richardson*
                BY                                          Deputy
                Emma



EXHIBIT
A

NO.  A-187,763

| | | |
|---|---|---|
| MCPHERSON, HUGHES, BRADLEY, WIMBERLEY, STEELE, CHATELAIN, SUCCESSOR TO MCPHERSON, HUGHES, BRADLEY, WIMBERLEY, STEELE, CHATELAIN, LLP | §<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| VS. | §<br>§ | JEFFERSON COUNTY, TEXAS |
| TEXAS WINDSTORM INSURANCE ASSOCIATION | §<br>§ | 58th JUDICIAL DISTRICT<br>(Transferred to the 172nd) |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, MCPHERSON, HUGHES, BRADLEY, WIMBERLEY, STEELE, CHATELAIN, SUCCESSOR TO MCPHERSON, HUGHES, BRADLEY, WIMBERLEY, STEELE, CHATELAIN, LLP, (hereinafter the "Law Firm" and/or "Plaintiff"), and files this Plaintiff's Original Petition complaining of Defendants, TEXAS WINDSTORM INSURANCE ASSOCIATION (hereinafter referred to as "TWIA"), XL LLOYDS INSURANCE CO. and INTERNATIONAL CATASTROPHE INSURANCE MANAGERS LLC herein "ICAT") and for cause of action would show the following:

I.
Discovery

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure.  This case involves complex issues and will require extensive discovery.  Therefore, Plaintiff will ask the court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

II.
Parties

Plaintiff, MCPHERSON, HUGHES, BRADLEY, WIMBERLEY, STEELE, CHATELAIN, SUCCESSOR TO MCPHERSON, HUGHES, BRADLEY, WIMBERLEY, STEELE, CHATELAIN, LLP is a Texas general partnership doing business in Jefferson County, Texas.

Defendant, Texas Windstorm Insurance Association, is an insurance company registered to engage in the business of insurance in Texas and is already before the Court.

Defendant XL Lloyds Insurance Co. (Lloyds) , in an insurance company registered to engage in the business of insurance in Texas.  This defendant may be served with process by serving Thompson, Coe, Cousins & Irons, LLP, 700 North Pearl Street, 25th Floor, Dallas, Texas 75201

Defendant International Catastrophe Insurance Managers LLC is a licensed insurance agent authorized to conduct business in the state of Texas and may be served by serving International Catastrophe Insurance Managers LLC, 3665 Discovery Dr FL 3, Boulder, CO 80303-7820

III.
Jurisdiction

The court has jurisdiction over the cause because the amount in controversy is within the jurisdictional limits of the court.

IV.

The court has jurisdiction over the Defendants because these defendants engage in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of one or more of the defendants' business activities in the State of Texas.

V.
Venue

Venue in this cause is proper in Jefferson County because the insured property is situated in Jefferson County.  Tex.Civ.Prac.& Rem.Code § 15.032.

VI.
Facts

Plaintiff is the owner of a Texas Commercial Windstorm Insurance Policy bearing Policy No. 42-7560013691-L-00 (hereinafter referred to as "the Policy"), which was issued by International Catastrophe Insurance Managers LLC ("ICAT") on behalf of itself and/or Lloyds.

Plaintiff owns, occupies and/or operates the insured property, which is specifically located on 3120 Central Mall Drive, Port Arthur, Jefferson County, Texas 77642 (hereinafter

2

referred to as "the Property"). The location involved includes improvements which are utilized to operate Plaintiff's law firm. ICAT (on behalf of itself and/or Lloyds) sold the Policy, insuring the Property, to Plaintiff.

On or about September 12, 2008, Hurricane Ike struck Jefferson County, Texas causing severe damage to homes and businesses throughout the area, including Plaintiff's church and educational facilities, and the related properties. Plaintiff submitted claims to ICAT against the Policy for roof damage, water damage, structural damage and wind damage to the Property sustained as a result of Hurricane Ike. Plaintiff asked that ICAT cover the cost of repairs to the Property pursuant to the Policies.   ICAT wrongfully denied all, or a substantial portion of, Plaintiff's claims for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

ICAT and/or Lloyds failed to perform its contractual duty to adequately compensate Plaintiff under both the property damage and business interruption damage terms of the Policy. Specifically, ICAT failed and refused to pay the reasonable value of Plaintiff's claims under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy have been carried out and accomplished by Plaintiff.   Lloyds and/or ICAT's conduct constitutes a breach of the insurance contract between Lloyds and/or ICAT and Plaintiff.

Defendants misrepresented, either individually or through their controlled adjustor, to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(I).

Defendants failed to make an attempt to settle Plaintiff's claims in a fair manner, although they were aware of their liability to Plaintiff under the Policy.   Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(2)(A).

Defendants failed to explain to Plaintiff the reasons for their offers of an inadequate settlement.  Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made.   Furthermore, Defendants did not

3

communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claims. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(3).

Defendants failed to affirm or deny coverage of Plaintiff's claims within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(4).

Defendants refused to fully compensate Plaintiff under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a)(7).

Lloyds and/or ICAT failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claims, beginning an investigation of Plaintiff's claims and requesting all information reasonably necessary to investigate Plaintiff's claims within the statutorily mandated fifteen (15) days of receiving notice of Plaintiff's claims. Lloyds and/or ICAT's conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE § 542.055.

ICAT failed to accept or deny Plaintiff's full and entire claims within statutorily mandated fifteen (15) business days of receiving all necessary information. ICAT's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE § 542.056.

ICAT failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, ICAT have delayed full payment of Plaintiff's claims longer than allowed and, to date, Plaintiff has not yet received full payment for his claims. ICAT's

4

conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE § 542.058.

From and after the time Plaintiff's claims were presented to ICAT, the liability of ICAT to pay full claims in accordance with the terms of the Policy was reasonably clear. However, ICAT has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment. ICAT's conduct constitutes a breach of the common law duty of good faith and fair dealing.

As a result of ICAT's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing him with respect to these causes of action.

Plaintiff's experience is not an isolated case. The acts and omissions ICAT committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of ICAT with regard to handling these types of claims. ICAT's entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## VII.
### Causes of Action against Lloyds and/or ICAT

Lloyds and/or ICAT are liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas.Insurance Code and intentional breach of good faith and fair dealing.

## VIII.
### Breach of Contract

Lloyds and/or ICAT's conduct constitutes a breach of the insurance contract made between said parties and Plaintiff. Lloyds and/or ICAT's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas constitutes a breach of Lloyds and/or ICAT's contract with Plaintiff.

IX.
## Noncompliance with Texas Insurance Code:
### Unfair Settlement Practices

Lloyds and/or ICAT's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this article are made actionable by TEX. INS. CODE § 541.151.

ICAT's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(1).

ICAT's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though ICAT's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(2(A).

ICAT's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for their offer of a compromise settlement of the claims, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(3).

ICAT's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claims to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(4).

ICAT's unfair settlement practice, as described above, of refusing to pay Plaintiff's claims without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(7).

## X.
## Noncompliance with Texas Insurance Code:
## The Prompt Payment of Claims

Lloyds and/or ICAT's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE § 542.060.

ICAT's failure to acknowledge receipt of Plaintiff's claims, commence investigation of the claims, and request from Plaintiff all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of the TEX. INS. CODE § 542.055.

ICAT's failure to notify Plaintiff in writing of its acceptance or rejection of the claims within the applicable time constraints constitutes a non-prompt payment of the claim. TEX. INS. CODE § 542.056.

ICAT's delay of the payment of Plaintiff's claims following its receipt of all items, statements and forms reasonably requested and required, longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claims. TEX. INS. CODE § 542.058.

## XI.
## Breach of the Duty

Lloyds and/or ICAT's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured in insurance contracts.

ICAT's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claims, although, at that time, ICAT knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## XII.
## Knowledge

Each of the acts described above by ICAT, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiff's damages described herein.

## XIII.
## Damages

Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

For breach of contract, Plaintiff is entitled to regain the benefit of its bargain, which is the amount of its claims, together with attorney fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, court costs, and attorney's fees.  For knowing conduct of the acts complained of, Plaintiff asks for three times its actual damages.  TEX. INS. CODE § 541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claims, as well as eighteen (18) percent interest per annum of the amount of such claims as damages, together with attorney's fees.  TEX. INS. CODE § 542.060.

For breach of common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

For the prosecution and collection of these claims, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## XIV.
## Request for Disclosure

Each Defendant is requested to disclose the matters set forth in Texas Rules of Civil Procedures 194.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and

procedure, both as to actual damages, treble damage under the Texas Insurance Code, and all punitive and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court in its behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which it may show itself justly entitled.

Respectfully submitted,

McPHERSON, HUGHES, BRADLEY, WIMBERLEY, STEELE & CHATELAIN
3120 Central Mall Drive
Port Arthur, TX  77642
(409) 724-6644
(409) 724-7585 - Facsimile

BY:_____
JAMES E. WIMBERLEY
State Bar No. 21750350

ATTORNEYS FOR PLAINTIFF,
MCPHERSON, HUGHES, BRADLEY,
WIMBERLEY, STEELE, CHATELAIN,
SUCCESSOR TO MCPHERSON, HUGHES,
BRADLEY, WIMBERLEY, STEELE,
CHATELAIN, LLP

## CERTIFICATE OF SERVICE

This is to certify that on this 24th day of March, 2011, a true and correct copy of this document was served upon all known counsel of record via electronic filing:

_____
James E. Wimberley

9

*A-187763*

| | |
|---|---|
| IN RE ALL CASES FILED<br>IN THE 172ND DISTRICT COURT | IN THE 172ND DISTRICT COURT OF |
| | JEFFERSON COUNTY, TEXAS |
| (WITH EXCEPTIONS) AS OF<br>AUGUST 15, 2008 | 172ND JUDICIAL DISTRICT |

<u>ORDER DESIGNATING **ALL** CASES E-FILE<br>**AND**<br>SETTING FORTH CERTAIN REQUIREMENTS<br>IN E-FILE CASES</u>

IT IS HEREBY ORDERED that, henceforth, all cases filed in the 172nd District Court of Jefferson County, Texas, shall be, and they are designated E-file cases in accordance with Local Rule 7, EXCEPT that tax cases, cases filed by <u>pro se</u> parties, and seizure and forfeiture cases, shall not be so designated, subject to further orders of this court.

IT IS FURTHER ORDERED that the District Clerk shall not receive any pleadings whatsoever in E-file cases in paper form, save and except for the original petition and return citations, and the District Clerk shall not electronically scan paper pleadings to E-file. If the District Clerk receives a paper pleading in an E-file case, the Clerk is ORDERED to return that pleading to the purported filer with a notification that the case is E-file and that no paper pleadings can be received, file-stamped, nor scanned. The attached *Efile Administrative Procedures* shall apply for electronic filing or efiling.

IT IS FURTHER ORDERED that the District Clerk shall send the notice appended hereto to all new parties to a lawsuit, whether original defendants, cross defendants, or otherwise, advising of this order and of the requirements of Local Rule 7.

IT IS FURTHER ORDERED that the District Clerk must be furnished with an electronic disk of all parties in cases involving 10 plaintiffs or defendants or a combination of both, including the addresses of those receiving service, in a format prescribed by the District Clerk.

IT IS FURTHER ORDERED that each pleading in cases designated as E-file shall be fully and properly labeled, and a pleading shall deal with only one subject matter. Thus, for example, a Motion To Transfer Venue may not be combined with an Answer, but they shall be two separate pleadings, each labeled accordingly and filed separately. In similar fashion, all matters shall be separately pleaded, labeled, and filed, and there shall be no "gang filing". The purpose of this requirement is so that separate matters may be readily indexed and located in the electronic file.

SIGNED AND ENTERED THIS 14TH DAY OF JULY, 2008.

*Donald J. Floyd*

I CERTIFY THIS AS A TRUE COPY
Witness my Hand and Seal of Office

MAR 2 5 2011

LOLITA RAMOS, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

_____
DONALD J. FLOYD, JUDGE
172ND DISTRICT COURT

# EFILE ADMINISTRATIVE PROCEDURES OF THE
## 172ND DISTRICT COURT
## JEFFERSON COUNTY, TEXAS

1. **Documents that must be electronically filed; Exceptions**

Each document that must be filed under the Rules shall be eFiled unless otherwise ordered by the Court. Except that paper copies of any Original Petition shall be filed to facilitate service of process as required by the Rules and by statute. Paper courtesy copies of pleadings seeking judicial action shall only be filed at the discretionary request of the assigned judge. The cover page must indicate "COPY" and include the assigned Transaction ID number. An additional exception to the requirement of e-filing shall apply to return citations, survey maps, building plats, and similar descriptive exhibits. Such documents shall be submitted to the District Clerk, but the submitting party shall also e-file notice to all parties of the submission.

2. **Form of Documents Electronically filed**

(a) *Format.* Each electronically filed document shall be filed in Word, WordPerfect, TIFF or .PDF format, *except that each electronically filed brief and proposed order shall be filed in editable Word or WordPerfect format.* To the extent practicable *each document* shall be formatted in accordance with the applicable rules governing formatting of paper documents, and in such other and further format as the District Clerk or Judge may require from time to time. A document may exceed page limitation rules to a maximum of two (2) additional pages when the additional pages are attributed to the electronic conversion or filing process.

   (1) eFile will automatically convert any Word, WordPerfect or TIFF file to .PDF format, but the original format will also be available for downloading.

   (2) The official record of the court is the .PDF version.

(b) *Title of Documents.* The title of each electronically filed document shall include:

   (1)    Party or parties filing the document,

   (2)    Descriptive title of the document,

   (3)    Party or parties against whom relief, if any, is sought, and

   (4)    Nature of the relief sought (e.g., Defendant ABC Corporation's Motion for Summary Judgment against Plaintiff Jones).

(c) *Signature.*

Each electronically filed document shall be deemed to have been signed by the attorney authorizing such filing, and shall bear a facsimile or typographical signature of such person, e.g., "/s/ Adam Attorney." Each document eFiled by or

on behalf of a party shall also include the typed name, address, and telephone number of the attorney filing such document. Attorneys shall include their Texas bar number.

Each electronically filed declaration and affidavit shall be deemed to have been signed by the declarant or affiant if an attorney or party not represented by an attorney has authorized such filing. The original affidavit or declaration filed or served electronically, shall be maintained by the party filing the affidavit during the pendency of the litigation, and shall be made available, upon reasonable notice, for inspection by other counsel, the District Clerk or the Court.

(d)     *Discovery* - in E-file cases, only the certificates of serving discovery requests and responses shall be E-filed; neither the requests nor responses shall be eFiled nor need be efiled.  (See Local Rule pertaining to *Filing of Discovery and Related Materials in Civil Cases in Jefferson County, Texas.*)

3.     **Time of eFiling and Service**

(a)     Any document filed electronically by 11:59 pm ET shall be considered eFiled with the District Clerk once the transmission is successfully completed ("authorized date and time") as recorded on the LexisNexis File & Serve system.

(b)     An eFiled document is deemed served only upon selection of parties to be served and submission according to the File & Serve procedures. The electronic service of a pleading or other document in the eFiling system is considered valid and effective service on all parties and shall have the same legal effect as conventional service of an original paper or document. The filing party is not required to conventionally serve a paper copy of the electronically filed document on parties not subscribing to the eFiling system. LexisNexis shall serve subscribing parties electronically and non-subscribing parties via facsimile or US Mail. The associated filing receipt will list the parties selected for service and give proof of date, time and method of service.

4.     **Public Access to the Docket**

The District Clerk shall make a Public Access Terminal available to interested parties to allow access to the Court's electronic case record in all eFiled cases. Copies made from the Court's electronic case records shall be printed by the District Clerk's office and copying fees will be charged in accordance with District Clerk's copying fees.

5.     **Obligation of Registered eFile Users to Maintain Proper Delivery Information.**

Parties or attorneys who register to use the File & Serve system shall notify LexisNexis File & Serve within 10 days of any change in firm name, delivery address, fax number or e-mail address.

A-187763

| IN RE: | § | IN THE DISTRICT COURTS OF |
| | § | |
| HURRICANE IKE | § | |
| | § | |
| RESIDENTIAL PROPERTY | § | |
| | § | |
| CLAIM LITIGATION | § | JEFFERSON COUNTY, TEXAS |

## STANDING PRETRIAL ORDER CONCERNING HURRICANE IKE RESIDENTIAL PROPERTY CLAIMS

After consideration of pretrial issues and discussion with counsel representing claimants and counsel representing insurance carriers, agents, adjusters, independent adjusting firms and individual defendants, the undersigned Judges of Jefferson County, Texas find that pretrial matters should be expedited for the efficient handling of insurance and property damage claims resulting from Hurricane Ike.

ACCORDINGLY, IT IS ORDERED:

A.    This Order shall apply to all lawsuits filed on or after September 15, 2008 in the District Courts of Jefferson County, Texas wherein any policyholder (the "Plaintiff Insured") asserts a claim arising from damage to property or loss of business income caused by Hurricane Ike against an insurance carrier which issues insurance policies for property (the "Insurance Carrier"), an insurance agent who sold insurance for properties or businesses (the "Insurance Agent") or insurance claims adjuster (the "Insurance Adjuster"), or their employees, agents, representatives or third party administrators (all sometimes collectively referred to as "Defendants"); and

B.    Immediately upon the filing of this Order, the District Clerk shall post this Order on the Jefferson County District Courts' website. Any Plaintiff who is aware of this Order shall attach a copy of this Order to its Original Petition or otherwise send a copy of this Order to any party, if pro se, or to such party's counsel of record.

C.    Within one hundred (100) days after the Residential Insurance Carrier makes an appearance in the lawsuit or the date of this Order, whichever is later, all parties are Ordered to agree on a mediator and mediation date. However, the mediation can be set to occur outside of this time period. Once the parties have agreed on a mediator and mediation date, they shall notify the Court by filing the attached Mediation Order (Exhibit "A"). If the parties make an agreement around the timing in this provision, the parties must obtain approval of their agreement from the Court.

D.    Immediately upon the filing of the Residential Insurance Carrier's Original Answer, the case will be abated until (1) 30 days after the date of the letter from the mediator declaring an impasse or (2) notice by any party that the party desires to unilaterally end the abatement period applicable to a particular case 30 days from the date the notice is received by the opposing party. The abatement period will apply to all Court ordered deadlines or Rule 190 Discovery deadlines. The abatement period will not apply to any statutory deadline, interest or penalties

Page 1

that may apply under any statutory code or law. The parties may send written discovery during the abatement time period; however, the responses and objections to those discovery requests will not be due until 30 days after the earlier of an impasse letter from the mediator or a party's termination of the abatement period. It is the intent of this Order that if a party elects to participate in mediation or any other provisions of this Order, or elects to opt out, such actions alone will not affect any party's statutory, legal or contractual rights.

E.    Furthermore, within 60 days of the filing of the Insurance Carrier's Original Answer or the date of this Order, whichever is later, the parties will use their best efforts to exchange information and documentation pertaining to the residence, to the extent same exists, including the following: Expert Reports, Engineering Reports, Estimates of Damage or repairs; Contents Lists for contents damage claim; Photographs; Repair Receipts or Invoices; Flood claim payments received by Plaintiff(s) including the estimate the flood payment was made on; the non-privileged portions of the Residential Insurance Carrier and Adjusting Company's claims file (including all claim diary notes, activity logs, loss notes and email correspondence regarding the insurance claim); payment ledger, payment log and/or proof of payment from the Insurance Carrier; a copy of the insurance policy in effect at the time of the Hurricane Ike claim; and the non-privileged portions of the underwriting file. If the Insurance Carrier is not in possession of the Adjusting Company's/Adjuster's claims file, and the Adjusting Company/Adjuster is not a named as a party in the lawsuit represented by separate counsel, then the Insurance Carrier shall seek the Adjusting Company's claims file and use their best efforts to exchange this information within the 60 day time period. The Insurance Carrier is also ordered to notify the independent adjusting company that all emails, activity notes and loss diary notes pertaining to a hurricane claim in litigation shall be preserved and not destroyed pursuant to this Court's Order regarding those emails and claims correspondence. Lastly, a privilege log will also be produced in accordance with the Texas Rules of Civil Procedure for any redactions or privileges being asserted on any documents in the claims file or claim correspondence.

F.    Exchange of Information Regarding Prior Claims. To the extent any carrier identifies a prior claim dated after January 1, 2005 involving the Plaintiff, the Defendant should provide notice of the existence of the claim to the Plaintiff's counsel within the time for exchange of information under Section E. Upon receipt of notice of the existence of a prior claim from a Defendant, the Plaintiff shall within a reasonable period of time provide:

(a)    A brief description of the nature of the claim (i.e., "repaired roof") as well as the name of the carrier upon whom the claim was made. If the carrier to whom such prior claim was made is different from the Defendant carrier for Plaintiff's current claims related to Hurricane Ike, then Plaintiff shall also provide the Defendant (subject to claims of confidentiality):

(1) The claim number of the prior claim;
(2) Notification as to whether any litigation arose out of the claim; and
(3) Any documents in Plaintiff's or Plaintiff's counsel's actual possession pertaining to such claim limited to the following:

       a.  Repair estimates including revisions of same;
       b.  Photographs, if any;
       c.  Documents evidencing payment by the carrier;
       d.  Documents evidencing repair.

(b)    In the event any of the above documents exist, but cannot be provided, Plaintiff shall provide the Defendant with an authorization limited to those documents set forth above. Defendant will diligently pursue obtaining the documents. Upon receipt of those documents Defendant will provide Plaintiff with a copy at defendant's cost. Defendant's failure to obtain the above described documents will not delay any scheduled mediation.

The above provisions regarding prior claims shall not limit future discovery, including requests for unlimited authorizations, as to prior claims in the event that mediation is unsuccessful. Claims of confidentiality shall be addressed first between counsel, and if necessary by Court intervention; however, the parties are encouraged to work together to avoid unnecessary delays or expense during the abatement process, including on matters relating to confidentiality.

G.    Any Expert Reports, Engineering Reports, Contractor Estimates or any other estimates of damages or repairs obtained by directive of Counsel for settlement, demand, or mediation purposes and exchanged prior to mediation shall be for "Mediation Purposes Only" and shall be considered confidential, except that any estimates and/or reports that are part of the claims file, which were obtained or prepared during the claims handling, shall not be considered confidential under this paragraph. Otherwise, such reports and estimates exchanged for mediation purposes shall only be used at trial if Plaintiff or Defendant designates the consultant as a retained testifying expert and does not properly de-designate prior to trial. If a consultant, whose report is produced at mediation, produces a subsequent report for use at trial, the mediation report shall remain confidential unless agreed to otherwise. The reports and estimates are only confidential for the lawsuit in which they are being used. Expert reports designated for mediation purposes shall be returned to the providing party within 14 days of a written request by the providing party for their return after mediation. Such reports shall not be discoverable or admissible at trial or any hearing. If the party procuring the report designates the expert to testify, such party shall have the right to prevent discovery or testimony by the expert regarding the mediation report and any opinions therein. The procuring party may use data such as measurements and photographs without waiving this privilege. Nothing herein shall prohibit the use of those reports and estimates in any subsequent insurance claims or lawsuits involving the same Residential Insurance Carrier.

H.    Once a mediation date and mediator are agreed to by all parties, the Defendants shall be permitted to one inspection of the residence involved in the lawsuit (as soon as practicable) prior to mediation. If mediation is unsuccessful, the Residential Insurance Carrier and other Defendants may re-inspect the residence with the same, new or additional experts pursuant to the Texas Rules of Civil Procedure.

I.   The Mediator shall notify the Court within 48 hours once the case settles or an impasse has been declared by the Mediator.  This notice shall be in writing and sent to all parties and the Court.

Upon the expiration of the abatement period applicable to the case (30 days) the parties will enter into an Agreed Scheduling Order, which will include a date for trial.

J.   The Court shall set a Status Conference to occur on each case under this Order 150 days from the date the first answer is filed by any Defendant and provide written notice to all parties of the date and time of the Status Conference.

K.   Anyone who opts out of this Order will automatically be under to the Texas Rules of Civil Procedure and local Rules of the County and Court regarding the litigation of the lawsuit opted out.

Signed this ___7th___ day of ___July___, 2009.


HON. DONALD FLOYD
PRESIDING JUDGE
172ND DISTRICT COURT

HON. GARY SANDERSON
ADMINISTRATIVE JUDGE AND
PRESIDING JUDGE
60TH DISTRICT COURT

HON. MILTON G. SHUFFIELD
PRESIDING JUDGE
136TH DISTRICT COURT

HON. BOB WORTHAM
PRESIDING JUDGE
58TH DISTRICT COURT

I CERTIFY THIS AS A TRUE COPY
Witness my Hand and Seal of Office

MAR 2 5 2011

LOLITA RAMOS, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
BY _____ DEPUTY

FILED
at 4:00 o'clock P. M
JUL 0 7 2009
LOLITA RAMOS
CLERK, DISTRICT COURT OF JEFFERSON CO., TEXAS
BY _____ DEPUTY

Page 4

## MEDIATION ORDER

This case is hereby **ORDERED** to mediation by no later than _____, 2009. The parties have suggested the court appoint the following mediator, and pursuant to such agreement, the Court hereby appoints _____.

An attorney of record is **ORDERED** to attend for each party. All individual parties, either Plaintiff or Defendant, are **ORDERED** to attend; except that Individual Defendant Adjusters and Insurer Employee Defendants are not ordered to attend, but a representative with full authority to negotiate and settle their case on their behalf is **ORDERED** to attend. A representative of each non-individual party is **ORDERED** to attend unless the parties agree otherwise. Each party or party representative so attending must be vested with the authority to enter into a final settlement agreement. If there is insurance, a person who has full authority to decide whether insurance payments will be made must attend.

The parties are further **ORDERED** to <u>BE PREPARED IN ADVANCE</u> for the mediation. The parties must comply with the document production requirements as set forth in the Standing Case Management Order and in the manner prescribed by the Standing Case Management Order.

Counsel shall negotiate openly and knowledgeably; failure to negotiate in good faith, may be treated as contempt. All individuals ordered to attend must remain in attendance until the mediator declares the mediation concluded, subject only to recess as declared by the mediator. Failure to appear or to remain without timely seeking relief may be sanctioned as contempt. All settlement discussions shall be subject to Texas Rule of Evidence 408 and Tex. Civ. Prac. & Rem. Code 154.073.

Signed this _____ day of _____, 2009.

_____
Judge Presiding

EXHIBIT "A"